# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| HAYES ELBERT BAKER,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>    Respondent. | No. C16-4129-LTS<br><br>INITIAL REVIEW ORDER |

This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus (Doc. No. 5). The petitioner submitted such application on November 8, 2016.[2] Also before the court is the petitioner's application for appointment of counsel (Doc. No. 6), which the clerk's office filed on November 16, 2016. The petitioner paid the $5.00 filing fee on February 21, 2017. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the State of Iowa as the respondent.

[2] The petitioner did not date his application for a writ of habeas corpus, but the envelope that included his application for a writ of habeas corpus bears a November 8, 2016 postmark.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[3] It is clear that the statute of limitation started to run in 2012, that is, the year in which all of the petitioner's direct appeal

---

[3] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

proceedings concluded and his convictions became final.[4] *See State v. Baker*, No. 10-2093, 2012 Iowa App. LEXIS 19 (Iowa Ct. App. Jan. 19, 2012); *State v. Baker*, Case No. FECR055468 (Woodbury Cty. Dist. Ct. 2010);[5] *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2254, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between June 10, 2012, that is, the date that the petitioner's conviction became final, and November 8, 2016, that is, the date that the petitioner filed

---

[4] The Iowa Supreme Court denied the petitioner's application for further review on March 12, 2012. Hence, the petitioner's direct appeal became final on June 10, 2012, which is the last date he could have sought a petition for a writ of certiorari. *See* Sup. Ct. R. 13 (setting forth time for petitioning for a writ of certiorari).

[5] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

Before the petitioner's conviction became final on June 10, 2012, the petitioner filed a state post-conviction relief action on April 18, 2012, and procedendo issued with respect to such action on July 24, 2014. *See Baker v. State*, No. 13-1387, 2014 Iowa App. LEXIS 667 (Iowa Ct. App. June 25, 2014); *Baker v. State*, Case No. PCCV148174 (Woodbury Cty. Dist. Ct. 2013). After his first state post-conviction relief action became final, the petitioner waited until August 21, 2015 to file a second state post-conviction relief action, which is still awaiting appellate review. *See Baker v. State*, Case No. PCCV166938 (Woodbury Cty. Dist. Ct. 2016).[6] Hence, the petitioner did not pursue any type of state post-conviction relief from July 24, 2014 to August 21, 2015. *See* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-

---

[6] The court notes that the petitioner filed a third state post-conviction relief action, which the Iowa District Court for Woodbury County dismissed. *See Baker v. State*, Case No. PCCV173363 (Woodbury Cty. Dist. Ct. 2017).

conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). Given the period of time that the petitioner sought state post-conviction relief, it is clear that over one year, that is, approximately 13 months, passed without any portion of the applicable period being tolled.[7]

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the

---

[7] The court notes that the petitioner does not set forth the claim(s) that he is pursing in his second state post-conviction relief action. Consequently, the court is unable to determine whether any claim asserted in the petitioner's second state post-conviction relief action is able to overcome the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(1)(A)-(D) (specifying that the 1-year period of limitation runs from the latest of four dates).

[respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)).

In this case, the petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it). Because the petitioner had no difficulties when submitting numerous state post-conviction relief applications or the instant application for a writ of habeas corpus, there is no basis to toll the applicable period. *See, e.g.*, *Gordon v. Ark.*, 823 F.3d 1188, 1194-96 (8th Cir. 2016) (determining that mental condition did not cause statute to be equitably tolled); *Bear v. Fayram*, 650 F.3d 1120, 1123-25 (8th Cir. 2011) (deciding that no state-created impediment entitled the petitioner to equitable tolling); *Rues v. Denney*, 643 F.3d 618, 621-22 (8th Cir. 2011) (reaffirming that attorney's miscalculation of filing deadline does not warrant equitable tolling); *Nelson v. Norris*, 618 F.3d 886, 892-93 (8th Cir. 2010) (explaining that a petitioner must establish that he diligently pursued his rights); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (reiterating that "lack of access to legal resources does not typically merit equitable tolling"); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (explaining that confusion about limitations period or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings did not warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (concluding that lack of understanding of the law and the effect of a voluntary dismissal does not amount to an extraordinary circumstance); *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (determining that mental impairment did not constitute an extraordinary circumstance justifying the tolling of the limitations period). Indeed, the petitioner acknowledges in his application for a writ of habeas corpus that he knew the Iowa District Court for Woodbury County resolved his state post-conviction relief action in August of 2013. Despite such knowledge, the petitioner opted to file a second state

post-conviction relief action, rather than an application for a writ of habeas corpus, on August 21, 2015, and he waited until November 8, 2016 to seek habeas corpus relief.[8]

Further, the only claim that the petitioner asserted on direct appeal related to whether the Iowa District Court for Woodbury County should have severed some of the counts before trial. *See State v. Baker*, No. 10-2093, 2012 Iowa App. LEXIS 19 (Iowa Ct. App. Jan. 19, 2012). But, habeas relief is not available on such a claim unless the failure to grant severance rendered the trial fundamentally unfair. *See Hollins v. Dep't of Corr.*, 969 F.2d 606, 608-09 (8th Cir. 1992); *see also Taylor v. Roper*, 561 F.3d 859, 862 (8th Cir. 2009) (explaining that only a limited and deferential review of underlying state court decisions is permitted when habeas relief is sought). And, as for the petitioner's first state post-conviction relief action, the petitioner needed to exhaust the remedies that were available to him in the Iowa courts before seeking habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). However, a review of relevant state court records indicates that the petitioner never sought further review of his ineffective assistance of counsel claims after the Iowa Court of Appeals affirmed the dismissal of his state post-conviction relief action. *See Baker v. State*, No. 13-1387, 2014 Iowa App. LEXIS 667 (Iowa Ct. App. June 25, 2014); *Baker v. State*, Case No. PCCV148174 (Woodbury Cty. Dist. Ct. 2013); *see also Sasser v. Hobbs*, 735 F.3d 833, 851 (8th Cir. 2013) (explaining that there is a "narrow exception" to the rule that ineffective assistance of counsel in a state post-conviction relief

---

[8] The court notes that procedendo with respect to the petitioner's direct appeal issued on March 20, 2012 and the petitioner filed his second state post-conviction relief action on August 21, 2015. Given such time frame, it is likely that the Iowa District Court for Woodbury County resolved the petitioner's second state post-conviction relief action on the basis that there is a three-year period for filing a state application for post-conviction relief under Iowa Code section 822.3. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003) (discussing Iowa Code section 822.3 and Iowa Code section 822.9, which "requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications"). If so, the petitioner's second state post-conviction relief action would not count as a properly filed post-conviction relief action.

7

proceeding does not provide cause to excuse procedural default). Additionally, the determination made by the Iowa Court of Appeals is entitled to deference. *See Taylor*, 561 F.3d at 862. Therefore, aside from the fact that the petitioner's claims are untimely, the petitioner's claims are either procedurally defaulted or without merit.

Lastly, having considered the record, the court concludes that the assistance of counsel is not warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the manner in which the Iowa courts resolved the petitioner's claims, the presentation of those claims through the Iowa courts and the timing of the instant action, there is no basis to appoint an attorney. Accordingly, the petitioner's application for appointment of counsel shall be denied.

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (Doc. No. 5) is denied.

(2) The clerk's office is directed to enter judgment in favor of the respondent.

(3) A certificate of appealability is denied.

(4) The petitioner's application for appointment of counsel (Doc. No. 6) is denied.

**IT IS SO ORDERED.**

**DATED** this 22nd day of February, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE